UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GONZALO ALEJO AMEZCUA, | CASE NO. 2:26-cv-00820-LK |
| Petitioner, | ORDER REFERRING TO FEDERAL PUBLIC DEFENDER FOR REVIEW |
| v. | |
| BRUCE SCOTT,[1] | |
| Respondent. | |

This matter comes before the Court on Petitioner Gonzalo Alejo Amezcua's Motion for Appointment of Counsel. Dkt. No. 13. The materials submitted in support of Alejo Amezcua's

---

[1] Alejo Amezcua names "ICE Field Office Director" as the Respondent to his petition. Dkt. No. 4 at 1. The proper respondent is the warden of the facility at which he is located—i.e., the Northwest ICE Processing Center ("NWIPC"). *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Consistent with its obligation to construe pro se filings leniently, the Court substitutes NWIPC Warden Bruce Scott as the respondent in this matter. *See Buriev v. Warden, GEO, Broward Transitional Ctr.*, No. 25-CV-60459, 2025 WL 2763202, at *2 (S.D. Fla. Sept. 26, 2025); *Hutton v. Entzel*, No. CV 25-97-DLB, 2025 WL 3211546, at *1 n.1 (E.D. Ky. Oct. 22, 2025); *Gregory v. Macauley*, No. 22-13119, 2025 WL 424508, n.1 (E.D. Mich. Feb. 6, 2025). While Mr. Scott has not appeared in this case, (1) the purpose of naming the petitioner's custodian is to effectuate injunctive relief where appropriate, *see Padilla*, 542 U.S. at 435 (the custodian has "the power to produce the body of [the petitioner] before the court or judge," such that "he may be liberated if no sufficient reason is shown to the contrary" (citation modified)); and (2) the federal government often represents the warden's interests, as it does in this case, *see Doe v. Garland*, 109 F.4th 1188, 1196 (9th Cir. 2024) ("Even in cases where private contract wardens are named as respondents, the government can and has stepped in to defend its interest in keeping petitioners detained."). Indeed, the government's return does not raise this concern. *See* Dkt. No. 7.

ORDER REFERRING TO FEDERAL PUBLIC DEFENDER FOR REVIEW - 1

application to proceed in forma pauperis support his financial eligibility for such appointment. *See* Dkt. Nos. 1, 3.

Alejo Amezcua contends in his motion that his "petition raises complex issues of immigration and federal law, and [he] require[s] representation to fully present these issues to the Court." Dkt. No. 13 at 1. The Court agrees that this case presents a complex issue. Specifically, Respondent argues that Alejo Amezcua is mandatorily detained under Section 1226(c) because he has been convicted of an aggravated felony: committing a lewd or lascivious act on a child under the age of 14 by force under California Penal Code § 288(b)(1). Dkt. No. 7 at 2. Although 8 U.S.C. § 1101(a)(43)(A) defines "aggravated felony" to include "sexual abuse of a minor," the current briefing does not address whether the categorial approach applies and if so, whether there is a categorical match between the state statute and the generic federal crime of sexual abuse of a minor. *See Esquivel-Quintana v. Sessions*, 581 U.S. 385, 389–90 (2017); *United States v. Castro*, 607 F.3d 566, 568 (9th Cir. 2010); *United States v. Cazares-Rodriguez*, No. 3:17-CR-00327-GPC-1, 2017 WL 2212031, at *9–11, 18 (S.D. Cal. May 19, 2017). The Court will request supplemental briefing on this issue, which the Court finds to be sufficiently complex to require attorney assistance if possible.[2]

Accordingly, the Court ORDERS as follows:

(1) This matter is referred to the Office of the Federal Public Defender for review under 18 U.S.C. § 3006A(a)(2)(B).

(2) The Court requests that the Office of the Federal Public Defender review the petition and response thereto and advise the Court by April 21, 2026, if it will accept appointment in this

---

[2] "Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). The Court has discretion to "request" appointment of counsel, but representation is not guaranteed even when such a request is made.

ORDER REFERRING TO FEDERAL PUBLIC DEFENDER FOR REVIEW - 2

matter, whether for the limited purpose of addressing the supplemental briefing topic or for broader representation. If the Office of the Federal Public Defender enters a notice of appearance in this matter, it should designate the scope of its representation in that notice.

(3) The Clerk is directed to send a copy of this order to Alejo Amezcua and to the Office of the Federal Public Defender.

Dated this 14th day of April, 2026.

Lauren King
United States District Judge

ORDER REFERRING TO FEDERAL PUBLIC DEFENDER FOR REVIEW - 3